NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO RUIZ, : : Plaintiff, : : v. : : COMMISSIONER OF SOCIAL : SECURITY, : : Defendant. : | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 02-CV-3575 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by Plaintiff Roberto Ruiz "Plaintiff" for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, it is the finding of this Court that Plaintiff's motion is **denied**.

## I. BACKGROUND

Plaintiff originally filed his Complaint against the Commissioner of Social Security ("the Government") on July 25, 2002. The Government answered the Complaint on February 25, 2003. Plaintiff took no further action. On July 16, 2003, the Court Ordered that Plaintiff submit its brief by September 15, 2003, and the Government submit a response within thirty days of receipt of Plaintiff's brief. These briefs were not filed until February 20, 2004. After receiving the briefs, on April 27, 2004, the Court issued a Letter-Opinion and Order affirming the decision of the Administrative Law Judge below. Plaintiffs subsequently appealed this Order to the Third Circuit Court of Appeals. On November 16, 2004, the Third Circuit issued an Order granting the

parties' joint motion to remand. Plaintiff filed the instant motion for attorney's fees on December 1, 2004. On June 15, 2005, this Court remanded the action to the Commissioner pursuant to the Order of the Third Circuit.

## II. DISCUSSION

Under the EAJA, a prevailing party in a civil action against the United States is entitled to an award of attorney's fees, court costs, and other expenses, unless the position of the United States was substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The prevailing party must submit an application to the court for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).[1]

Thus the Court must decide if Plaintiff is considered a prevailing party and when a final judgment was entered in this action. In Melkonyan v. Sullivan, 501 U.S. 89 (1991), the United States Supreme Court noted that 42 U.S.C. § 405(g) provides for two types of remand by a district court. The first pertains to sentence four of § 405(g), which allows a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing." This type of remand is a final judgment for purposes of filing an application for EAJA fees. 501 U.S. at 101. The second form of remand is governed by sentence six of § 405(g), which allows a court to remand a case based on the discovery of new evidence that was not available at the time of earlier administrative proceedings and a showing of "good cause" for reconsideration of the case. Id. at 98. This type of remand is not a final judgment for purposes of EAJA applications; rather, the judgment is final when the post-remand proceedings are completed, the Secretary returns to the district court, and the district court enters

---

[1] A final judgment for purposes of 28 U.S.C. § 2412(d)(1)(B) means "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 94 (1991).

a final order. Id. at 101.  A third type of remand also exists, though not found at 42 U.S.C. § 405(g).  Both parties may jointly request a remand. Id. at 103.  This situation may be treated as a voluntary dismissal under Fed.R.Civ.P. 41(a), and the District Court's jurisdiction over the case ends at this point. Id.  The plaintiff is not deemed a prevailing party "in [a] civil action" pursuant to 28 U.S.C. § 2412(d)(1)(A). Id.  Under these circumstances, the Secretary does not return to the District Court and the plaintiff is not eligible to receive EAJA fees. Id.

The instant action clearly was remanded pursuant to a joint request.  The November 16, 2004 Order of the Third Circuit states that the "foregoing joint motion to remand is granted."  This Court's Order remanding to the Commissioner was issued pursuant to the Order of the Third Circuit.  Given these circumstances, the Order will be construed as a voluntary dismissal under Fed.R.Civ.P. 41(a).  Therefore, Plaintiff is not deemed a prevailing party "in [a] civil action" and is not eligible to receive EAJA fees.  As such, Plaintiff's application for EAJA fees must be denied.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for award of attorney's fees is **denied**.  An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:        June 27, 2005
Original:    Clerk's Office
cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File