UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERTO RUIZ, | : | |
| | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| | : | |
| vs. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | Civil Action No.: 02-CV-3575 (DMC) |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion of Plaintiff Roberto Ruiz ("Plaintiff") for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is **denied**.

I.  BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") on January 13, 1999, due to a disc bulge, hypertrophic changes, and left-eye blindness. (R. at 17-18). Plaintiff's application for benefits was denied initially and on reconsideration. (R. at 17). Plaintiff filed a timely request for a hearing before an ALJ and was granted a hearing before ALJ DeSteno on March 1, 2001. (Id.) ALJ DeSteno determined that Plaintiff was not entitled to benefits. (Id.)

The Appeals Council remanded the Plaintiff's case back to ALJ DeSteno. (Id.) Following

1

a post-remand hearing on March 12, 2002, ALJ DeSteno again determined that Plaintiff was not entitled to benefits. (R. at 24). The Appeals Council denied Plaintiff's request for review and ALJ DeSteno's decision became the final decision of the Social Security Administration ("SSA"). (Plaintiff's Brief for Disability Insurance Benefits ("Pl. Br.") at 1).

Plaintiff filed a request for review of ALJ DeSteno's decision in the United States District Court for the District of New Jersey. The District Court affirmed ALJ DeSteno's decision on April 27, 2004 and Ruiz appealed. See Ruiz v. Comm'r of Soc. Sec., Civil Action No. 02-3575 (DMC). While the case was pending before the United States Court of Appeals for the Third Circuit, ALJ Farley determined that Plaintiff had been disabled since May 31, 2002 due to severe mental retardation. (Opinion of ALJ Farley, attached as Exhibit A, dated July 29, 2004). Because ALJ Farley's disability finding affected Ruiz's eligibility for benefits retroactively, both parties filed a joint motion to remand to the ALJ "for the purpose of issuing a fully favorable decision." See Ruiz v. Comm'r of Soc. Sec., Civil Action No. 05-3784. The Third Circuit granted this motion on November 16, 2004 and the District Court remanded the case to the ALJ on June 15, 2005. Id.

Plaintiff filed an application for attorney's fees on December 1, 2004 in the District Court pursuant to the Equal Access to Justice Act ("EAJA"). (Plaintiff's Memorandum in Support of Application for Attorney's Fees ("Pl. Memo") at 1-4). The District Court denied Plaintiff's request on June 27, 2005 and Plaintiff appealed to the Third Circuit. See Ruiz v. Comm'r of Soc. Sec., Civil Action No. 02-3575 (DMC). After determining that Plaintiff was a prevailing party for purposes of the EAJA analysis, the Third Circuit remanded the case to the District Court to "consider whether SSA's position was substantially justified or whether special circumstances would make an award of fees unjust." See Ruiz v. Comm'r of Soc. Sec., Civil Action No. 05-3784.

## II.  DISCUSSION

Pursuant to the EAJA, a prevailing party in a civil action against the United States is entitled to an award of attorneys' fees, court costs, and other expenses, unless the position of the United States was substantially justified or special circumstances would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The prevailing party must submit an application to the court for fees and expenses "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).   Here, the Third Circuit determined that Plaintiff was the prevailing party because the joint motion to remand granted by the Third Circuit was pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1]  The issues before the Court, therefore, are whether special circumstances exist which would make an award of fees unjust and whether the Commissioner's litigation position was substantially justified.

**A. Applicable Law**

The government bears the burden of proving that its position was substantially justified. Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1986); Dougherty v. Lehman, 711 F.2d 555, 561 (3d Cir. 1983).  The government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  Citizens County of Delaware County v. Brinegar, 741 F.2d 584, 593 (3d Cir. 1984).  The burden of showing substantial justification is a strong one; the government merely adducing "some evidence" in support of its position is insufficient.  Tressler v. Heckler, 748 F.2d 146, 150 (3d Cir. 1984).  The substantial justification standard should be

---

[1] A "fourth sentence" remand, which  "consists of a judgment affirming, modifying, or reversing the decision of the [agency], with or without remanding the cause for a rehearing," may lead to an award of attorney's fees.  See Ruiz v. Comm'r of Soc. Sec., Civil Action No. 05-3784 (citing Melkonyan v. Sullivan, 501 U.S. 89 (1991); see also 42 U.S.C. § 405(g).

3

interpreted as "a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." Dougherty, 711 F.2d at 563; See Natural Res. Def. Council v. U.S.E.P.A., 703 F.2d 700, 708, 711 (3d Cir. 1983).

The "position" of the United States includes its litigation position in federal court as well as any agency position that preceded and necessitated the litigation. Washington, 756 F.2d at 961; Natural Res. Def. Council, 703 F.2d at 708 (explaining that the legislative history of the EAJA makes it clear that "Congress intended that the statute provide an incentive for suits to control agency actions," in addition to controlling the conduct of attorneys on appeal). A court should not assume that "the government's position was not substantially justified simply because the government lost on the merits." Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1988).

**B. Analysis**

Here, the Commissioner opposes Plaintiff's motion for attorneys' fees on the following grounds: (1) special circumstances exist that render an award of attorneys' fees unjust and (2) the Commissioner's litigation position was substantially justified. (Commissioner's Memorandum in Opposition to Plaintiff's Petition for EAJA Fees ("Comm. Memo") at 2, 6). Specifically, the Commissioner contends that there "was a reasonable basis in fact and in law for [her] decision." (Comm. Memo at 5). Because the Commissioner's litigation position was substantially justified at all stages of the litigation process, Plaintiff's motion for attorneys' fees is denied.

*1. No Special Circumstances Exist which Render an Award of Attorneys' Fees Unjust*

The special circumstances exception to the EAJA "gives the court discretion to deny awards where equitable considerations dictate an award should not be made." United States v. 27.09 Acres

of Land, 43 F.3d 769, 772 (2d Cir. 1994) (quoting H.R. Rep. 1418, 96th Cong., 2nd Sess. at 11, reprinted in 1980 U.S.C.C.A.N. 4984, 4990).  If all fees are "expended on discrete efforts that [achieve] no appreciable advantage, and where the claim of the prevailing part[y] rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just."  27.09 Acres, 43 F.3d at 773-774.

Plaintiff asks for $7,490.61 ($7,014.00 plus $476.61 costs) for all professional services (50.1 hours) rendered in connection with the present case.  (Affidavit of Attorney's Services ("Att. Affidavit") at 3).  Plaintiff's attorneys devoted many hours to this case prior to and following ALJ Farley's favorable decision on July 29, 2004, finding Plaintiff disabled due to severe mental retardation.  Because Plaintiff's attorneys spent considerable time on this case prior to and following ALJ Farley's decision and Plaintiff contributed to his "prevailing party" status by filing a subsequent application for benefits, no special circumstances exist rendering an award of attorneys' fees unjust.

   *2. Commissioner's Litigation Position was Substantially Justified*

Plaintiff claims that the Commissioner failed to meet her burden of establishing that her position was substantially justified at all stages of the litigation process.  (Pl. Memo at 4). Specifically, Plaintiff asserts that the Third Circuit's consent order reversing and remanding ALJ DeSteno's decision following the March 12, 2002 post-remand hearing defeats the Commissioner's substantial justification claim.  The consent order was issued following a favorable decision by ALJ Farley based on a finding of severe mental retardation on Plaintiff's second application for benefits. (Exhibit A at 2).

At the hearings before ALJ DeSteno, Plaintiff complained of pain in his back and his right

leg and stated that he was blind in his left eye. (R. at 42-44, 57). Plaintiff also stated that he smokes approximately three packs of cigarettes a day and drinks about three six-packs of beer every Saturday. (R. at 46).

In his opinions, ALJ DeSteno noted the consultative examination report completed by Dr. Kaur on February 23, 1999 (R. at 21). Dr. Kaur's report stated that Plaintiff was able to ambulate without any difficulty and that Plaintiff's gait was normal. (R. at 273). Dr. Kaur also noted that Plaintiff was able to perform straight leg raises with no limitations in his extension. (Id.) Dr. Kaur mentioned that his examination of Plaintiff's musculoskeletal system was totally unremarkable and that Plaintiff had full range of motion in all joints. (Id.) Finally, Dr. Kaur stated that Plaintiff only took Tylenol to alleviate occasional back pains. (R. at 274).[2]

ALJ DeSteno also cited the consultative examination report completed by Dr. Vassallo on December 13, 1999 (R. at 19). In his report, Dr. Vassallo stated that Plaintiff walked with a noticeable limp favoring his right side. (R. at 285). However, Dr. Vassallo also stated that Plaintiff sat comfortably and was able to bend his back without difficulty to remove his shoes. (Id.) Dr. Vassallo noted that Plaintiff was able to climb up onto the examining table with ease and extend both knees without feeling any back pain. (Id.) Furthermore, Dr. Vassallo reported that Plaintiff did not claim to use a hand-held assistive device, such as a cane. (R. at 284-289).

Plaintiff asserts that ALJ DeSteno's position was not substantially justified because ALJ DeSteno did not compare Plaintiff's impairments with those listed in the Listings of Impairments (Plaintiff's Letter Memo ("Pl. Letter"), dated January 3, 2005, at 3). However, in reaching his

---

[2] During the first ALJ hearing, Plaintiff admitted that he only took medicine for his back when he felt pain or approximately three times a week. (R. at 44-45).

conclusion that Plaintiff's alleged impairments did not meet or equal the level of severity of any impairment in the Listings, ALJ DeSteno stated that he gave particular attention to the musculoskeletal listings in section 1.00 and the visual listings in section 2.00. (R. at 19).

Plaintiff also claims that ALJ DeSteno did not reasonably explain his physical residual functioning capacity ("RFC") assessment of light work.[3] (Pl. Letter at 3-4). However, in making his physical RFC assessment, ALJ DeSteno stated that he relied on Dr. Kaur's and Dr. Vassallo's reports, which are treated as expert opinion evidence by the SSA. (R. at 21). Furthermore, even if Plaintiff was only capable of performing sedentary work, ALJ DeSteno stated that Rocco J. Meola, the Commissioner's vocational expert, testified that there were approximately 18,000-20,000 sedentary, unskilled jobs in the New York/New Jersey area. (R. at 22, 66-67).

Finally, it should be noted that Plaintiff did not claim disability due to mental retardation until April 29, 2003.[4] Plaintiff's alleged onset date of disability due to mental retardation was May 31, 2002 (Exhibit A at 2). While the consent order signed by the Third Circuit reversed the District Court and ALJ DeSteno's findings of non-disability, this reversal is not equivalent to a finding that the Commissioner's position was not substantially justified. See Couch v. Sec. of Health & Human Serv., 749 F.2d 359, 360 (6th Cir. 1984) (stating that an award of fees cannot be based solely on a finding that the Secretary's decision was not supported by substantial evidence). When writing his opinions, ALJ DeSteno only addressed Plaintiff's complaints regarding his back, lower right leg, and

---

[3] It is important to note that during the first ALJ hearing, Plaintiff stated that he is capable of lifting between ten and twenty pounds, which corresponds to the ability to do light work. (R. at 48); See 20 C.F.R. 416.967(b).

[4] In fact, Plaintiff admits in his letter memo that he did not claim disability due to mental retardation, nor did his attorneys present evidence of mental retardation, for the period between September 1998 and March 2002. (Pl. Letter at 3).

7

left-eye blindness because, at the time, there was no evidence in the record indicating that Plaintiff was disabled due to severe mental retardation. Because the Commissioner has met her burden of showing a reasonable basis in truth for the facts alleged and a reasonable basis in law for the theory she propounds, the Commissioner's position at all stages of litigation was substantially justified.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) is **denied**.

      S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        August 2, 2006
Original:   Clerk's Office
cc:         All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
              File